# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE<br><br>CHRISTOPHER PATRICK BOYD<br><br>   Debtor. | Civil Action No. 23-cv-1888-REB |
| HEMP RECOVERY, LLC,<br><br>    Plaintiff/Appellee,<br><br> v.<br><br>CHRISTOPHER PATRICK BOYD,<br><br>    Defendant/Appellant. | Bankr. Case No. 22-012445-TBM<br><br>Adv. Proc. No. 22-01258-TBM |

## APPELLEE HEMP RECOVERY COMPANY, LLC'S ANSWER BRIEF

December 15, 2023.

Respectfully submitted,
Buechler Law Office, LLC

*/s/ Michael C. Lamb*
K. Jamie Buechler, #30906
Michael C. Lamb, #33295
999 18th Street, Suite 1230-S
Denver, CO 80202
720-381-0045
Jamie@kjblawoffice.com
mcl@kjblawoffice.com

## **<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES...……………......………………...…......iii – v

I.     CORPORATE DISCLOSURE....................................................................1

II.    STATEMENT OF THE ISSUES.................................................................1

III.   STANDARD OF REVIEW.........................................................................1

IV.    STATEMENT OF THE CASE……………...……………………………...3

       A.    The Relevant Parties ……………………………….....................3

       B.    The Processing Agreement ……………………………………..........3

       C.    The State Court Action………………………………………..........5

       D.    The State Court Appeal………………………………….................7

       E.    The Bankruptcy Case..…………………………………………......8

       F.    The Adversary Proceeding…………………………………….......8

             1.    The Motion for Summary Judgment and Related Briefing…...9

             2.    The Order on Summary Judgment…………..……………10

V.     SUMMARY OF ARGUMENT…..…………...……………………...………13

       A.    The Doctrine of Collateral Estoppel Precludes Re-litigating the
             Legal and Factual Issues Decided in the State Court Action ……....13

       B.    The Appellant's Misrepresentations were not Related to the
             Appellant's Financial Condition…………………………......................13

       C.    The Rooker-Feldman Doctrine Precludes Appellant's Collateral
             Attacks on the State Court Rulings…………………………….....14

VI.    ARGUMENT…..…………………………………………………………...15

A.     Relevant Statute…………...................................................15

B.     Collateral Estoppel Precludes Re-litigating the Factual and Legal Determinations from the State Court Action ………………………16

C.     Appellant's Misrepresentations were not Statements as to Appellant's Financial Condition…………………………………....18

D.     The Rooker-Feldman Doctrine Precludes the Appellant's Champerty and Party-in-Interest Defenses………………………....21

VII.   CONCLUSION...……………………………………………………....26

<u>**TABLE OF AUTHORITIES**</u>

<u>**STATUTES**</u>

<u>**Federal Statutes**</u>

11 U.S.C. §523.....................1, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21

<u>**CASES**</u>

<u>**U.S. Supreme Court Decisions**</u>

*Davis v. Wakelee*, 156 U.S. 680 (1895).......................................................24

*Exxon Mobile Corp. v. Saudi Basic Industries Corp.*,
544 U.S. 280 (2005)...……………..……………………………….......22

*Field v. Mans*, 516 U.S. 59 (1995).........................................................11, 17

*Grogan v. Garner*, 498 U.S. 279 (1991).......................................................17

*Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752 (2018).......19, 20

*New Hampshire v. Maine*, 532 U.S. 742 (2001)…………………………..24

<u>**Circuit Court Decisions**</u>

*Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664 (10th Cir. 1998).....................2

*Dillon v. Fibreboard Corp.*, 919 F.2d 1488 (l0th Cir. 1990).........................2

*Eastman v. Union Pac. R. Co.*, 493 F.3d 1151 (10th Cir. 2007)..................25

*Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367 (10th Cir. 1996)..........17

*Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210 (10th Cir. 2002).................2

*Whitesel v. Sengenberger*, 222 F.3d 861 (10th Cir. 2000)............................2

**District Court Decisions**

*In re Cupit.* 541 B.R. 739 (D. Colo. 2015)……………………………...1, 2

*In re Hansen*, 131 B.R. 167 (D. Colo. 1991)..............................................17

**BAP Decisions**

*In re Johnson*, 477 B.R. 156 (10th Cir. BAP 2012)……………...............2

**Bankruptcy Court Decisions**

*In re Barnhart*, 112 B.R. 392 (Bankr. D. Colo. 1990)..................................18

*In re Bloom*, 622 B.R. 366 (Bankr. D. Colo. 2020)....................................18

*In re Lynch*, 315 B.R. 173 (Bankr. D. Colo. 2004)………………..........16

*In re Toney*, 2011 WL 2560249 (Bankr. D. Colo. 2011).............................18

**State Court Decisions**

*Alien, Inc. v. Futterman*, 924 P.2d 1063 (Colo. App. 1995).......................23

*Antelope Co. v. Mobil Rocky Mountain, Inc.*,
51 P.3d 995 (Colo. App. 2001)....................................................................16

*Blood v. Qwest Services Corp.*, 224 P.3d 301 (Colo. App. 2009)...............23

*Kinsey v. Preeson*, 746 P.2d 542 (Colo. 1987)...........................................17

*Town of Carbondale v. GSS Properties, LLC*,
169 P.3d 675 (Colo. 2007)...........................................................................23

*Univex Int'l, Inc. v. Orix Credit All., Inc.*,
902 P.2d 877 (Colo. App. 1995)..................................................................23

**RULES**

C.R.C.P. 8.....................................................................................................23

Fed.R.Bankr.P. 7056……………………………………………………………..2

Fed.R.Bankr.P. 8015.....................................................................................27

Fed.R.Civ.P. 56………………………………………….....................2, 10

L.B.R. 7056-1…………………………………………………….........10

## I.   CORPORATE DISCLOSURE

Hemp Recovery Company, LLC ("HRC") is not a publicly held corporation or publicly held entity. No publicly held corporation or entity holds stock or any other interest in Hemp Recovery.

## II.   STATEMENT OF THE ISSUES

A.    Whether the Bankruptcy Court correctly applied the doctrine of collateral estoppel in holding the Debtor's debt to HRC was non-dischargeable under 11 U.S.C. §523(a)(2)(A).

B.    Whether the Bankruptcy Court correctly held the Debtor's misrepresentations were not related to the Debtor's financial condition and therefore outside of the exception of 11 U.S.C. §523(a)(2)(A).

C.    Whether the Bankruptcy Court properly held the *Rooker-Feldman* doctrine precluded the Debtor's champerty and party-in-interest defenses.

## III.   STANDARD OF REVIEW

The Bankruptcy Court's conclusions of law are subject to a *de novo* review. *In re Cupit*, 541 B.R. 739, 744 (D. Colo. 2015). The Bankruptcy Court's factual findings are reviewed under a "clear error" standard. *Id*. Thus, the reviewing court must defer to the Bankruptcy Court's factual findings "unless it is without factual support in the record or, after examining all the evidence, we are left with a

definite and firm conviction that a mistake has been made." *Id*. at 745 (quoting *In re Johnson*, 477 B.R. 156, 168 (10th Cir. BAP 2012)).

Rule 56, Fed.R.Civ.P., is made applicable to adversary proceedings under Fed.R.Bankr.P. 7056. Rule 56(a) allows a party to move for summary judgment on a "claim or defense" or even "part of [a] claim or defense." Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The moving party "bears the initial burden of making a *prima facie* demonstration of the absence of a genuine issue of material fact." *Whitesel v. Sengenberger*, 222 F.3d 861, 866-67 (10th Cir. 2000); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). The Court must examine the factual record in the light most favorable to the non-moving party. *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002); *Dillon v. Fibreboard Corp.*, 919 F.2d 1488, 1490 (l0th Cir. 1990). If the movant successfully carries its initial burden, the burden of persuasion shifts to the non-moving party to "go beyond the pleadings and set forth specific facts," supported by evidence, "from which a rational trier of fact" could find for the non-movant. *Whitesel*, 222 F.3d at 867.

## IV.   STATEMENT OF THE CASE

### A.   The Relevant Parties

DD Needle Rock Farms, LLC ("NRF") is a Colorado limited liability company engaged in the business of growing and selling industrial Hemp. *Record on Appeal* ("*R.*") at 103[1], ¶8. Adam Desmond ("Mr. Desmond") is a member and manager of NRF. *Id.*

HRC is a Colorado limited liability company and the assignee of certain claims against Christopher Patrick Boyd ("Appellant") belonging to Mr. Desmond and NRF as more fully described herein. *Id.*

The Appellant is the debtor in the underlying Bankruptcy Case, as well as the defendant Adversary Proceeding from which this appeal arises. *Id.* at 1, 5, and 48 at ¶4. Foothills Ventures, LLC ("Foothills Ventures") is a Colorado limited liability company organized by the Appellant in June 2017. *Id.* at 103 at ¶9. Appellant is the principal and majority owner of Foothills Ventures. *Id.* at 292:9-11. Foothills Ventures processes industrial Hemp into cannabidiol ("CBD") oil and CBD oil-based products. *Id.*, at 103 at ¶9 and 104 at ¶14

### B.   The Processing Agreement

In the summer of 2017, Mr. Desmond and his wife (collectively, the "Desmonds") were introduced to the Appellant and his father, Alan Boyd. *Id.* at

---

[1] The Record on Appeal consists of a single volume totaling 394 pages. Unless otherwise noted, page number citations refer to the page within the total record—i.e. pg. 103 of 394.

276:24-25. The Desmonds, the Appellant, and Mr. Alan Boyd discussed entering two different ventures, including one in which the Appellant and Mr. Alan Boyd, through Foothills Ventures, would process the majority of NRF's 2017 hemp crop into CBD oil. *Id.,* at 277:1:5.

In the course of the discussions, the Appellant represented to the Desmonds, among other things, that Foothills Ventures had the present capacity to extract/process NRF's Hemp. *Id.* at 278:3:7 and 284:17-21. Relying on these representations, on or about August 19, 2017, Mr. Desmond, on behalf of NRF and the Appellant, and Mr. Alan Boyd, on behalf of Foothills Ventures, entered into a hemp processing agreement (the "Processing Agreement"). *Id.* at 282:22-24 and 284:17-21.

Pursuant to the Processing Agreement, NRF provided Foothills Ventures with approximately 4,415 pounds of industrial Hemp (the "Hemp"). *Id.*, at 282:24-25 – 283:1-2. Foothills Ventures, in turn, was obligated to extract CBD oil from the Hemp. *Id.* The resulting CBD oil, any products made using the CBD oil, and/or any profits derived from the CBD oil would be evenly split between NRF and Foothills Ventures. *Id.* at 283:2.

In October and November 2017, Foothills Ventures took possession of the Hemp, which was held in 126 barrels belonging to NRF. *Id.* at 104, ¶16 and at 304:12-16. Foothills Ventures, however, failed to process the Hemp; failed to

4

provide NRF with its portion of the CBD oil; failed to return the Hemp and the barrels; and failed to pay NRF for the value of the Hemp and the barrels. *Id*. at 292:21-24 and 304:12-16.

**C.     The State Court Action**

On February 6, 2019, HRC, as the assignee of the Desmonds and NRF, filed suit against the Appellant, Mr. Alan Boyd, Foothills Ventures, and others in the District Court, City and County of Denver, Colorado Case No. 2019CV30498 (the "State Court Action"). *Id*. at 102 – 112. As relevant here, HRC asserted claims against the Appellant for false representation, nondisclosure and concealment, and negligent misrepresentation (collectively, the "Fraud Claims") for failing to disclose material facts to the Desmonds prior to NRF entering into the Processing Agreement. *Id*.

The misrepresentations and omissions included, but were not limited to, Foothills Ventures having the present ability to process the entirety of NRF's Hemp; failing to disclose Mr. Alan Boyd's prior felony convictions, jail time, and restitution requirements; and failing to disclose Foothills Ventures was not properly licensed with the State of Colorado to process industrial Hemp at the time NRF and Foothills Ventures entered the processing agreement. *Id.*, at 284:1-6 and 17-21; 285:2-4; 302:16-21; and 128:16-22.

Notably, the Appellant failed to allege that HRC was not the proper party-in-interest as part of its affirmative defenses. *Id.* at 319 – 320.

The State Court Action went to a bench trial from January 13th to 15, 2020. At the conclusion of the trial, the State Court issued findings of fact and conclusions of law from the bench (the "Oral Ruling"). *See generally*, *Id.* at 268 – 309. The State Court found the following:

a. NRF and Foothills Ventures entered the Processing Agreement on or about August 19, 2017. *Id.* at 282:22-24.

b. Foothills Ventures did not obtain its extraction license until January 2018. *Id.*, at 284:1-6.

c. "[T]here was a misrepresentation from the very beginning" made by the Appellant and Mr. Alan Boyd to Mr. Desmond. *Id.*, at 285:2-5.

d. Mr. Alan Boyd "intentionally omitted" his prior felony conviction in an effort to induce NRF and Mr. Desmond to enter into the Processing Agreement. *Id.*, at 302:18-20.

e. Mr. Desmond entered into the Processing Agreement "because of representations [the Appellant] and [Mr. Alan Boyd] made to [Mr. Desmond] that [Foothills] Ventures, at that moment, had the capacity to extract." *Id.*, at 284:17-21.

Due to the foregoing misrepresentations, the State Court concluded that HRC "proved [its] common law fraud type claims against Alan Boyd as to both buckets. *As to -- and as against Christopher Boyd as to the hemp bucket*." *Id.*, at 303:14-16 (emphasis added).

6

On January 16, 2020, the Court entered an Order (the "State Court Order") which stated, in relevant part:

> Plaintiff has proved its Fourth Claim for Relief (False Representation), Fifth Claim for Relief (Nondisclosure and Concealment), and Sixth Claim for Relief (Negligent Misrepresentation) as against all non-defaulting Defendants.

*Id.* at 322. On February 11, 2020, the State Court entered Judgment on the Fraud Claims in favor of HRC and against Appellant in the amount of $337,306.85 (the "State Court Judgment"). *Id*. at 325.

## D.   <u>State Court Appeal</u>

On March 5, 2020, the Appellant appealed the Judgment to the Colorado Court of Appeals, Case No. 2020CA451 (the "State Court Appeal"). *Id*. at 50 at ¶50. The lone issue on appeal was whether the State Court erred in holding Appellant and Foothills Ventures liable to HRC based on the conclusion Mr. Alan Boyd was an agent of the Appellant and Foothills Ventures. *Id.,* pg. 330 – 31.

On September 9, 2021, the Court of Appeals affirmed the Judgment (the "Appellate Opinion"). *See generally*, *Id.* at 327 – 336. The Court of Appeals held that it appeared the trial court determined Appellant made false representations to Mr. Desmond. *Id.* at 331, fn. 3. However, even if the trial court did not find Appellant made direct misrepresentations to Mr. Desmond, the Court of Appeals held there was "more than sufficient evidence…that [Mr. Alan Boyd] possessed apparent authority" to act on behalf of Appellant and Foothills Ventures. *Id.* at 334.

Accordingly, the Court of Appeals held that to the extent Appellant's liability on the Fraud Claims was based on the Court's conclusion Mr. Alan Boyd was the agent for Appellant and Foothills Ventures, there was no error on the part of the trial court. *Id.* at 336.

## E.    **The Bankruptcy**

On July 8, 2022, the Appellant petitioned for relief under Chapter 13 of Title 11 of the United States Code. *Id.* at 5. The Appellant scheduled an undisputed, noncontingent, liquidated debt to HRC in the amount of $393,811.95 arising from the State Court Judgment. *Id.* at 31. On January 12, 2023, the Bankruptcy Court confirmed the Appellant's second "Chapter 13 Plan Including Valuation of Collateral and Classification of Claims" (the "Second Plan"). *Id.* at 368 – 69. Per the terms of the Second Plan, the Appellant would pay $8,538.00 to his two creditors, which would result in HRC recovering 2.5% of its total claim. *Id*. at 369.

## F.    **The Adversary Proceeding**

On October 24, 2022, HRC initiated an Adversary Proceeding, Case No. 22-1258-TBM, seeking a determination that the debt owed to HRC by the Appellant was non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A). *Id.* at 2 and 48 – 63.

### 1.    **The Motion for Summary Judgment and Related Briefing**

On May 9, 2023, HRC filed a Motion for Summary Judgment (the "Motion"). *Id.* at 80 – 96. The Motion argued the doctrine of collateral estoppel

precluded the Appellant from re-litigating the factual findings of the Oral Ruling, the State Court Order, and the State Court Judgment. *Id.* Such factual findings, moreover, were sufficient for the Bankruptcy Court to determine the debt owed by the Appellant to HRC is non-dischargeable under Section 523(a)(2)(A). *Id.*

In response, the Appellant asserted, among other arguments, that there were sufficient differences between the elements of common law fraud under Colorado law and the elements of a claim under Section 523(a)(2)(A) to preclude the application of collateral estoppel. *Id.* at 338-353. Most notably, the Appellant argued Colorado common law fraud required showing "reasonable" reliance, while Section 523(a)(2)(A) required "justifiable" reliance. *Id.* Furthermore, Appellant asserted Section 523(a)(2)(A) precludes oral statements as to financial condition, but Colorado law contains no such restriction. *Id.* Appellant contended the differences between the Bankruptcy Code and Colorado law rendered collateral estoppel inapplicable. *Id.* The Appellant further argued the doctrine of champerty precludes the assignment of an intentional tort and, therefore the assignment of claims from NRF and Mr. Desmond to HRC was unenforceable. *Id.* As such, the real parties-in-interest were the Desmonds, not HRC, and the debt was, therefore, subject to discharge. *Id.*

## 2.    The Order on Summary Judgment

On July 10, 2023, the Bankruptcy Court entered its "Order on Plaintiff's Motion for Summary Judgment" (the "Bankruptcy Court Order"). *Id.* at 366 – 385. As an initial matter, the Bankruptcy Court determined the Appellant failed to dispute or otherwise controvert any of the supporting facts set forth in the Motion as required by Fed.R.Civ.P. 56(e) and L.B.R. 7056-1(b) and (c). *Id.* at 371 – 373. Accordingly, the Bankruptcy Court accepted as "'undisputed' each of the 36 alleged undisputed facts identified by HRC" in the Motion. *Id.* at 373.

On the issue of collateral estoppel, the Bankruptcy Court explained collateral estoppel applies where: (1) the issue before the court is identical to an issue actually and necessarily litigated and adjudicated in the prior proceeding; (2) the party against whom estoppel is being sought was a party (or in privity to a party) from the prior proceeding; (3) the prior proceeding resulted in a judgment on the merits; and (4) the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in the prior proceeding. *Id.* at 378.

The only issue to be resolved by the Bankruptcy Court was "whether the issue to be precluded is identical to an issue actually and necessarily determined in the [State Court Action]." *Id.* at 379. In other words, whether the elements of Colorado common law fraud were identical to the elements of a claim under Section 523(a)(2)(A). *Id.*

Turning to Colorado common law, the Bankruptcy Court noted that Colorado courts had long treated justifiable and reasonable as synonymous. *Id*. at 380. Rather than resolve whether "reasonable" and "justifiable" were interchangeable under Colorado, the Bankruptcy Court "accept[ed] the [Appellant's] argument that Colorado employs a 'reasonable reliance' standard." *Id.* Moving to federal law, the Bankruptcy Court, citing *Field v. Mans*, 516 U.S. 59 (1995), found Section 523(a)(2)(A) required "justifiable reliance." *Id.* at 381.

The Bankruptcy thus provided Appellant all benefit of the doubt—namely, Colorado law requires "reasonable reliance" while Section 523(a)(2)(A) employs a "justifiable reliance standard. *Id.* Such distinction, however, did not benefit the Appellant, because "justifiable" is a lower standard than "reasonable." *Id.* Accordingly, a conclusion of reasonable reliance "is more than sufficient to meet the Section 523(a)(2)(A) requirement." *Id.* at 382.

The Bankruptcy Court concluded: "There is no daylight between the State Trial Court's prior adjudication and what Section 523(a)(2)(A) mandates." *Id.* at 382. Collateral estoppel thus precluded the Appellant from re-litigating the issues resolved by the State Court. *Id*.

The Bankruptcy Court found Appellant's additional arguments equally unavailing. The Bankruptcy Court held Appellant's misrepresentations—namely, the misrepresentation that Foothills Ventures had the present capacity to process

the Hemp—was not a representation as to Appellant's financial condition. *Id*. at 383.

The Bankruptcy Court then quickly disposed of the Appellant's champerty argument. The *Rooker – Feldman* doctrine, the Bankruptcy Court noted, prohibits federal courts from reviewing final judgments rendered in prior state court litigation. *Id*. at 383 – 84. The Appellant failed to raise the defense of standing or champerty during trial. *Id*. at 384. The Bankruptcy Court thus found the Appellant's champerty argument was an impermissible attack on the Oral Ruling, the State Court Order, and the State Court Judgment. *Id*.

Based on the undisputed facts, the Bankruptcy Court held HRC carried its legal burden. *Id*. at 384 – 85. Accordingly, the Bankruptcy Court granted the Motion. *Id*. Thereafter, the Bankruptcy Court entered a judgment declaring the State Court Judgment was non-dischargeable under Section 523(a)(2)(A) (the "Bankruptcy Court Judgment"). *Id*. at 386. This Appeal ensued. *Id*. at 387 – 89.

## V.   SUMMARY OF ARGUMENT

**A.**   **The Doctrine of Collateral Estoppel Precludes Re-litigating the Legal and Factual Issues Decided in the State Court Action.**

The Bankruptcy Court properly applied the doctrine of collateral estoppel to the facts and law at bar. The sole issue raised in this Appeal is whether the Bankruptcy Court erred in holding the elements of a cause of action for common law fraud are identical to those for a claim under Section 523(a)(2)(A). Appellant asserts Section 523(a)(2)(A)'s exception for verbal statements respecting the debtor's financial condition is not found in Colorado common law, and therefore, collateral estoppel is inapplicable.

However, bankruptcy courts have repeatedly held that the elements of Section 523(a)(2)(A) claim are identical to those of a claim for fraud under Colorado common law, notwithstanding the limited exception for oral representations respecting financial condition. Thus, the Bankruptcy Court properly applied the doctrine of collateral estoppel.

**B.**   **The Appellant's Misrepresentations were not Related to the Appellant's Financial Condition.**

The Bankruptcy Court correctly held that the Appellant's misrepresentations as to Foothills Ventures present capacity to process the Hemp was not a statement respecting the Appellant's financial condition.

Appellant asserts the Appellant's misrepresentations as to Foothills Venture's ability to process the Hemp were statements concerning financial condition. Such statements, Appellant argues, are inadmissible for purposes of Section 523(a)(2)(A).

A statement respects a debtor's financial condition when it has a direct relationship with the debtor's overall financial status; most specifically, the debtor's solvency or ability to repay a debt. First, the misrepresentations made by the Appellant related to Foothills Ventures'—not the Appellant's—ability to perform its obligations under the Processing Agreement. Second, even if the misrepresentations referred to the Appellant, they had no bearing on the Appellant's solvency or ability to pay. Consequently, the Bankruptcy Court correctly held the misrepresentations were not oral statements respecting the Appellant's financial condition.

## C.   The *Rooker-Feldman* Doctrine Precludes Appellant's Collateral Attacks on the State Court Rulings.

The Bankruptcy Court properly applied the *Rooker-Feldman* Doctrine to prohibit the Appellant from raising champerty or party-in-interest defenses in the Adversary Proceeding.

Appellant contends he properly preserved his champerty and party-in-interest defenses, and the State Court did not explicitly consider either.

Consequently, the *Rooker – Feldman* doctrine does not bar Appellant from raising such defenses in the Adversary Proceeding.

The *Rooker-Feldman* Doctrine precludes federal courts from acting in an appellate capacity regarding claims decided in state court litigation. The Appellant failed to raise champerty or party-in-interest defenses in the State Court Action or in the subsequent State Court Appeal. He, therefore, waived each defense. The State Court entered a final judgment in favor of HRC and against the Appellant, which was subsequently confirmed by the Colorado Court of Appeals.

Having failed to raise such defenses in the State Court Action, *Rooker-Feldman* prohibits the Appellant from asserting error on the part of the State Court based on the doctrine of champerty and/or HRC is not the proper party-in-interest in federal court proceedings.

## VI.   ARGUMENT

### A.   Relevant Statute

11 U.S.C. §523(a)(2)(A) provides:

(a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

>> (A) false pretenses, a false representation, or actual fraud other than a statement respecting the debtor's or an insider's financial condition;

**B.**   **Collateral Estoppel Precludes Re-litigating the Factual and Legal Determinations from the State Court Action.**

It is axiomatic that this Court determines whether a specific debt is dischargeable. *In re Lynch*, 315 B.R. 173, 176 (Bankr. D. Colo. 2004). However, the doctrine of collateral estoppel, if applied to prior litigation, may preclude re-litigating factual and legal conclusions relevant to determining the dischargeability of a debt. *Id*. A party is collaterally estopped from re-litigating factual and legal issues where:

> (1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel is sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Antelope Co. v. Mobil Rocky Mountain, Inc*., 51 P.3d 995, 1003 (Colo. App. 2001);

*In re Lynch*, 315 B.R. at 176.

As in the Adversary Proceeding, Appellant focuses solely on the first element of the collateral estoppel analysis: whether the issue precluded is identical to the issue decided in the prior litigation. Appellant argues Section 523(a)(2)(A)'s exception for "statement[s] respecting the debtor's or insider's financial condition" distinguishes claims under Section 523(a)(2)(A) from claims under Colorado

common law. *Appellant Brief ("App. Br.")* at 15-16. This difference, Appellant argues, precludes the application of collateral estoppel. *Id*.

Appellant's argument is without legal foundation. In Colorado, common law fraud requires showing:

> (1) a false representation of a material existing fact; (2) knowledge on the part of the one making the representation that it is false; (3) ignorance on the part of the one to whom the representation is made of the falsity; (4) representation made with intention that it be acted upon; and (5) representation resulting in damage.

*Kinsey v. Preeson*, 746 P.2d 542, 550 (Colo. 1987).

Section 523(a)(2)(A) requires proving (1) the debtor made a false representation; (2) the debtor intended to deceive the creditor; (3) the creditor relied on the representation; (4) the creditor's reliance was justifiable; and (5) the debtor's representation caused the creditor to sustain a loss. *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991); *Field v. Mans*, 516 U.S. 59, 74-75; *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996).

Federal courts have repeatedly held the elements of a Section 523(a)(2)(A) claim are identical to those of a claim for fraud under Colorado common law, notwithstanding the limited exception for oral representations respecting financial condition. *In re Hansen*, 131 B.R. 167, 170 (D. Colo. 1991), aff'd, 977 F.2d 595 (10th Cir. 1992) ("The requirements to prove a common law fraud claim in Colorado are the same as the elements to establish non-dischargeability under

§523…"); *In re Toney*, 2011 WL 2560249, at *4 (Bankr. D. Colo. 2011) ("[B]ecause the State Court found fraud under Colorado law, it also fulfilled *all* of the elements required under 11 U.S.C. §523(a)(2)(A)."(emphasis in original)); *In re Bloom*, 622 B.R. 366, 432 (Bankr. D. Colo. 2020), aff'd, 634 B.R. 559 (10th Cir. BAP (Colo.) 2021), aff'd, No. 22-1005, 2022 WL 2679049 (10th Cir. 2022) ("In fact, most courts construe the requirements of Colorado common law fraud and fraudulent representation under Section 523(a)(2)(A) identically."); *In re Barnhart*, 112 B.R. 392, 394 (Bankr. D. Colo. 1990)("[T]he elements  for a finding of common law fraud under Colorado law are the same as those under [Section 523(a)(2)(A)].").

Thus, as the Bankruptcy Court noted, there is "no daylight" between the issues resolved in the State Court Action and the requirements of Section 523(a)(2)(A). Accordingly, Appellant is collaterally estopped from re-litigating the factual and legal determinations of the Oral Ruling. The Bankruptcy Court did not err in granting summary judgment in favor of  HRC on the basis of collateral estoppel. The Bankruptcy Court Order and the Bankruptcy Court Judgment should be affirmed.

**C.**     **Appellant's Misrepresentations were not Statements as to Appellant's Financial Condition.**

Appellant asserts the representations identified by the State Court in entering Judgment in favor HRC—namely, Appellant's misrepresentation that Foothills

Ventures had the current ability to process the Hemp—were statements as to financial condition. *App. Br.* at 17-18. Appellant thus argues Bankruptcy Court erred in applying collateral estoppel because the State Court could rely upon statements as to financial condition in entering Judgment against Appellant, while the Bankruptcy Code specifically excepts verbal representations of financial condition from Section 523(a)(2)(A) analysis.

Appellant's argument is not persuasive. It is undisputed a statement regarding a *debtor's* financial condition is governed by the "heightened" standards of 11 U.S.C. §523(a)(2)(B). *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1761 (2018). Here, however, the Debtor's misrepresentations were wholly unrelated to his *personal* ability to perform the obligations of the Processing Agreement. Rather, the State Court and the Bankruptcy Court found the Debtor misrepresented *Foothills Ventures'* ability to satisfy its obligations under the Processing Agreement. *R.* at 278:3-7; 284:17-21; and 383.

Appellant, in fact, concedes the misrepresentations related to Foothills Venture's ability to perform the Processing Agreement. *App. Br.* at 17 ("References...had to do with the 'financial condition' of [Foothills Ventures]. That is, an ability to perform.") and 19 (HRC "represents, again and again, what appear to be conversations between the parties as to Appellant's company's (i.e.,

Foothills') ability to perform..."). Appellant's misrepresentations were in reference to Foothills Ventures. Accordingly, Section 523(a)(2)(A) exception does not apply.

Furthermore, statements as Foothills Ventures ability to perform are not statements respecting Foothills Ventures' (or the Appellant's) financial condition. A statement respects a debtor's financial condition where "it has a direct relation to or impact on the debtor's overall financial status." *Lamar, Archer & Cofrin, LLP,* 138 S.Ct. at 1761. The key is whether the statements relate to a debtor's solvency or ability to repay a debt:

> [A] creditor opposing discharge must explain why it viewed the debtor's false representation as relevant to the decision to extend money, property, services, or credit. If a given statement did not actually serve as evidence of ability to pay, the creditor's explanation will not suffice to bar discharge. But if the creditor proves materiality and reliance, it will be clear the statement was one 'respecting the debtor's financial condition.'"

*Id.*

Whether Foothills Ventures had the present ability to process the Hemp had no bearing on Foothills Venture's or Appellant's solvency or ability to repay a debt. As such, the Appellant's misrepresentations as to Foothills Ventures' extraction capabilities were not statements respecting the Debtor's or Foothills Ventures' financial condition. Section 523(a)(2)(A)'s exception does not apply.

Finally, Appellant ignores the State Court's found Appellant made multiple misrepresentations and omissions—not all of which pertained to Foothills

Venture's ability to perform. In addition to misrepresenting Foothills Venture's ability to perform, the State Court held Appellant and Mr. Alan Boyd failed to disclose Mr. Alan Boyd's criminal record, and Appellant failed to disclose Foothills Ventures lacked a license to process Hemp at the parties entered the Processing Agreement. *R.* at 84 at ¶¶15-17. Thus, even if statements as to the ability to perform are statements respecting Appellant's financial condition (which is denied), there are still two separate fraudulent omissions on the part of the Debtor that support a finding of non-dischargeability under §523(a)(2)(A).

The Bankruptcy Court did not err in holding Appellant's misrepresentations were not statements respecting Appellant's financial condition. The Bankruptcy Court Order and the Bankruptcy Court Judgment should be affirmed.

**D.**     **The *Rooker-Feldman* Doctrine Precludes the Appellant's Champerty and Party-in-Interest Defenses**

Appellant argues the Bankruptcy Court erred in holding the *Rooker – Feldman* doctrine bars his defenses of champerty and real party-in-interest. The *Rooker – Feldman* doctrine precludes litigants from using federal courts to collaterally attack state court judgments:

> Plaintiffs in *Rooker* and *Feldman* had litigated and lost in state court. Their federal complaints, we observed, essentially invited federal courts of first instance to review and reverse unfavorable state-court judgments. We declared such suits out of bounds, i.e., properly dismissed for want of subject-matter jurisdiction.

> The *Rooker–Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005).

In short, *Rooker–Feldman* precludes a federal court from reviewing and rejecting the substance of an underlying state court judgment. Yet, this is precisely what Appellant asks this Court (and the Bankruptcy Court before it) to do. Specifically, Appellant seeks a reversal of the State Court Judgment based on the alleged invalidity of the assignment of claims from the Desmonds to HRC.

HRC, however, filed the State Court Action. The parties, as well as the State Court, knew, at all times, of the assignment. Nonetheless, Appellant waited until the Adversary Proceeding before asserting HRC was not the proper party-in-interest and asking the Bankruptcy Court to set aside the State Court Judgment. This is the precise scenario for which the *Rooker – Feldman* doctrine applies. Accordingly, the Bankruptcy Court correctly held *Rooker – Feldman* precluded consideration of Appellant's champerty and real party-in-interest defenses.

In arguing against the application of *Rooker–Feldman*, Appellant raises two related arguments. First, he asserts that because the Colorado Rules of Civil Procedure do not list champerty among the affirmative defenses that must be pleaded or they are waived, Appellant reserved such argument. *App. Br. 22.*

Second, because such affirmative defenses were never raised in the State Court Action, Appellant argues the State Court did not actually decide the merits of either defense. As such, Appellant asserts *Rooker – Feldman* is inapplicable.

Both arguments are unavailing. Appellant correctly notes Rule 8(c), C.R.C.P., enumerates several affirmative defenses that must be asserted in an initial pleading, or such defenses are waived. This does not, as Appellant suggests, signify all other affirmative defenses are reserved, even where the defense is not asserted at trial.

On the contrary, an affirmative defense "not raised in the answer or through a successful amendment of the answer" is waived. *Town of Carbondale v. GSS Properties, LLC*, 169 P.3d 675, 681 (Colo. 2007); *Alien, Inc. v. Futterman*, 924 P.2d 1063, 1068 (Colo. App. 1995)(same); *Blood v. Qwest Services Corp.*, 224 P.3d 301, 327 (Colo. App. 2009)(Affirmative defense asserted in answer but not raised at trial is waived); *Univex Int'l, Inc. v. Orix Credit All., Inc.*, 902 P.2d 877, 879 (Colo. App. 1995), aff'd, 914 P.2d 1355 (Colo. 1996)(Affirmative defense not pleaded or raised in trial deemed waived). Appellant failed to allege champerty or real party-in-interest among its affirmative defenses, nor did it argue either defense at trial. Appellant therefore waived both defenses.

Appellant is correct; the State Court did not explicitly consider champerty and real party-in-interest defenses during the trial. However, this does not render

*Rooker–Feldman* inapplicable. The State Court's supposed "failure" to consider such defenses is solely due to Appellant failing to raise them in earlier pleadings as well as during trial. Allowing a defendant to ignore his pleading obligations and then use such failure as a basis to attack the Judgment in a subsequent federal proceeding would yield absurd results. In effect, any state court judgment would fall outside the scope of *Rooker–Feldman* if the state court failed to expressly consider all affirmative defenses the defendant could have raised, regardless of whether the defendant, in fact, raised such defenses. *Rooker–Feldman* would be virtually meaningless. Appellant's argument should be rejected.

Finally, principles of judicial estoppel preclude Appellant from arguing HRC is not the real party-in-interest. "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). Courts typically consider three factors to determine whether judicial estoppel applies: (1) whether the party adopts a position clearly inconsistent with its prior position; (2) whether accepting the subsequent position creates the perception the court was misled; and, (3) whether the party asserting the inconsistent position would gain an unfair

advantage if not estopped. *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007).

HRC satisfies all elements of judicial estoppel. Appellant's bankruptcy petition, which Appellant signed under penalty of perjury, listed HRC as an unsecured creditor holding an undisputed, noncontingent, and liquidated claim in the amount of $393,811.95. *R.* at 31 and 368. Thereafter, HRC filed a proof of claim in the amount of $336,218.44 (the "Proof of Claim"). *Id.* at 368. Appellant did not object to the Proof of Claim. *Id*. In fact, Appellant also included HRC's claim in his Chapter 13 Plan. *Id.* at 368 – 69. Lastly, in his Answer to the Adversary Complaint, Appellant admitted HRC was one of his creditors. *Id.*, pg. 48 at ¶2 and pg. 64 at ¶2. Appellant thus admitted HRC was a creditor and the rightful owner of the claim.

Now, Appellant argues HRC is not the proper party-in-interest to prosecute the Adversary Proceeding. Such a position contradicts the position Appellant adopted in his Bankruptcy Case. Furthermore, the consistent positions create the perception the Bankruptcy Court was misled.

Finally, Appellant would gain a significant, unfair advantage if not estopped. Listing HRC as the proper holder of the claim allowed Appellant to obtain prompt confirmation of his Chapter 13 Plan, under which Appellant would pay HRC a mere 2.5% of its allowed claim. *Id.* at 368. Permitting Appellant to assert HRC is

not the proper party-in-interest allows Appellant to discharge the remaining 97.5% of HRC's claim. The inconsistent positions being adopted by Appellant clearly provide Appellant an unfair advantage.

Should this Court determine *Rooker–Feldman* does not apply, it should nevertheless hold Appellant is judicially estopped from asserting HRC is not the real party-in-interest.

The Bankruptcy Court Order and the Bankruptcy Court Judgment should be affirmed.

## VII.   CONCLUSION.

For the foregoing reasons, arguments, and authorities, HRC respectfully requests this Court to affirm the Bankruptcy Court Order and the Bankruptcy Court Judgment.

DATED: December 15, 2023.           Respectfully submitted,
                                    BUECHLER LAW OFFICE, LLC

                                    */s/ Michael C. Lamb*
                                    Michael C. Lamb, #33295
                                    K. Jamie Buechler, #30906
                                    *Gender pronouns: she/her*
                                    999 18th Street, Suite 1230-S
                                    Denver, CO 80202
                                    Tel: 720-381-0045
                                    Fax: 720-381-0382
                                    Email: Jamie@KJBlawoffice.com
                                    Email: mcl@KJBlawoffice.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed.R.Bankr.P. 8015(A), I certify that this brief, starting with the Corporate through the Conclusion, contains 5,527 words, as counted by the program used to generate this brief.

BUECHLER LAW OFFICE, LLC

*/s/ Michael C. Lamb* _____
Michael C. Lamb, #33295
K. Jamie Buechler, #30906
999 18th Street, Suite 1230-S
Denver, CO 80202
720-381-0045
Jamie@kjblawoffice.com
mcl@kjblawoffice.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2023, I served a copy of the foregoing **APPELLEE HEMP RECOVERY COMPANY, LLC'S ANSWER BRIEF** on the following parties:

**Via CM/ECF**:

Stephen E. Berken

*/s/ Gabriel Quintero*
For Buechler Law Office, LLC